IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-251-BO

| | |
|---|---|
| ANN GAIL MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 17, 19]. A hearing on this matter was held in Raleigh, North Carolina on March 27, 2015, at which the Commissioner appeared by video feed. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits on October 29, 2010, alleging disability beginning May 7, 2010 [Tr. 18, 166–67]. Her date last insured was December 31, 2014. [Tr. 13]. These applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on September 6, 2012. The ALJ rendered an unfavorable decision on December 13, 2012. The Appeals Council denied Ms. McNeil's request for review, rendering the ALJ's decision the final decision of the Commissioner. Ms. McNeil now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Ms. McNeil was 47 years old as of her alleged onset date. [Tr. 22]. She has a high school education and past work experience as a housekeeper. [Tr. 21–22].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from her alleged onset date through her date last insured. [Tr. 15]. Ms. McNeil's lumbar degenerative disc disease, drop foot (left), obesity, and depression qualified as a severe impairment at step two but was not found to meet or equal a

Listing at step three. [Tr. 15–17]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a modified range of light work, with a sit/stand option to change positions at least once an hour and a limitation to performing simple, routine, repetitive tasks. [Tr. 17]. The ALJ then found at step four that Ms. McNeil was unable of performing her past relevant work as a housekeeping cleaner. [Tr. 21]. Relying on the testimony of a vocational expert, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff was capable of performing. [Tr. 22–23]. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

Plaintiff alleges that the ALJ erred by at Step Three by failing to find that Ms. McNeil's impairments met or medically equaled Listing 1.04 and, alternatively, that the ALJ erred in finding that Ms. McNeil had the RFC to perform light work by improperly weighting the medical opinion evidence.

Listing 1.04

Listing 1.04 requires the claiming to demonstrate a disorder of the spine "resulting in compromise of a nerve root . . . or spinal cord." Plaintiff must demonstrate evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis to meet this listing. *See* Listing 1.04. The MRI of the lumbar spine revealed normal alignment with mild-moderate multilevel degenerative changes, mild-moderate narrowing of foraminal stenosis, and only slight progression since 2006. [Tr. 232–33, 271–72]. X-rays of the lumbar spine were unchanged with no acute or destructive process. [Tr. 238–41]. EMG testing revealed no definite large fiber neuropathy [Tr. 265–66], and the peripheral vascular procedure showed no evidence of significant lower extremity artery disease [Tr. 428–29]. Moreover, the medical evidence demonstrates that she had full range of movement of the neck and low back [Tr. 335], could sit

and stand normally [Tr. 484–504], and moved her extremities well [Tr. 304–09, 321–27, 350–56, 431]. Accordingly, the Court finds that substantial evidence supported the ALJ's decision that plaintiff did not meet the criteria for Listing 1.04.

The RFC

Plaintiff also argues that the RFC is not supported by the record, and specifically that the ALJ did not give appropriate weight to the treating source's opinion and the opinion of the consultative examiner (CE) and nurse practitioner (NP). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). The ALJ gave little weight to treating physician Dr. Gordon's opinion. [Tr. 17–21, 460–63]. Dr. Gordon's opinion was consistent with those of the CE [Tr. 242–45], and NP [Tr. 465–70]. The ALJ, however, did not discuss the opinion, but summarily stated that it was inconsistent with clinical findings from plaintiff's primary care or pain clinic visits. [Tr. 21]. The ALJ did not even note that it was plaintiff's treating physician in discounting the opinion.

Moreover, the ALJ gave little explanation for discounting the CE's opinion. Pursuant to SSR 96–6p, findings of fact made by state agency consultants must be treated as expert opinion evidence of non-examining sources, and the weight attributed to their opinions must be explained in an ALJ's decision. The ALJ placed little weight on the CE's opinion because the CE only examined plaintiff twice, and his conclusions were "not entirely consistent" with the treatment history. [Tr. 21]. Again, the Court does not find this a sufficient explanation for the weight given the opinion, particularly since a CE, as a non-treating physician, typically does not examine a

claimant multiple times, and that the CE's opinion was consistent with other record evidence from the treating physician and NP.

It is unclear on what medical evidence the ALJ based his RFC determination as it pertains to plaintiff's back pain. The only evidence other than the aforementioned opinions were 2011 records from Dr. Choudry that demonstrated plaintiff was prescribed medication for her back pain but that her condition was not amenable to surgical treatment. [Tr. 18–19]. In sum, the Court finds that the ALJ erred in failing to give controlling weight to Dr. Gordon's and Dr. Fernandez's statements, particularly since they are consistent with each other, with NP Leonard's evaluation, and with Dr. Choudry's opinion. Giving controlling weight to those physicians' opinions, it is clear that an RFC of light work is inappropriate. This conclusion is supported by the opinions of Drs. Gordon and Fernandez, NP Leonard, and physical therapist Heather Miller's functional capacity evaluation, which restricted Ms. McNeil to sedentary work or less.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)).

5

Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to consider the opinions of Drs. Gordon and Fernandez and NP Leonard as controlling and formulate an RFC of sedentary or less.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED, defendant's motion for judgment on the pleadings [DE 19] is denied, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this __20__ day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE